**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-2129**

———————

CAROLYN V. HENDERSON,

        Plaintiff – Appellant,

    v.

CLAIRE'S BOUTIQUES, INCORPORATED,

        Defendant – Appellee,

    and

CLAIRE'S STORES, INCORPORATED,

        Defendant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, District Judge. (1:08-cv-01317-BEL)

———————

Submitted: March 29, 2011        Decided: April 8, 2011

———————

Before KING, KEENAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Carolyn V. Henderson, Appellant Pro Se. Patricia M. Thornton, BACON, THORNTON & PALMER, LLP, Greenbelt, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carolyn V. Henderson appeals the district court's judgment entered pursuant to the jury's verdict in favor of the Appellee in this civil action. We have reviewed the record and find no reversible error.

On appeal, Henderson first claims that the district court erred in sending the defamation claim to the jury, because it presented an issue of law, and the statements at issue were defamation per se. Under Maryland law, a plaintiff who is not a public figure may establish a prima facie case of defamation by showing: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." Independent Newspapers, Inc. v. Brodie, 966 A.2d 432, 441 (Md. 2009) (internal quotation marks omitted). "A defamatory statement is one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." Id. (internal quotation marks omitted). As a threshold matter, the trial court must determine whether the statement is reasonably susceptible of a defamatory meaning; if so, then it is for the jury to decide whether the statement is actually defamatory. Batson v. Shiflett, 602 A.2d 1191, 1210-11 (Md. 1992). In denying summary judgment, the district court

concluded that a genuine issue of material fact remained regarding what statements were made about Henderson, and whether they were defamatory. The district court correctly left these issues to the jury. See Shapiro v. Massengill, 661 A.2d 202, 219 (Md. App. 1995).

Henderson next challenges the district court's grant of Appellee's motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) regarding the issue of punitive damages. However, as the jury found in favor of Appellee, it was unnecessary for the court to reach the issue of punitive damages.

Finally, Henderson challenges a number of the district court's evidentiary rulings. This court reviews a trial court's rulings on the admissibility of evidence for abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational. United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). We have reviewed the district court's challenged rulings and find no abuse of discretion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3